therein named, will be computed and adjusted, as nearly as may be, conformably to allowances by the laws of the United States to employes for like services under the government, or in accordance with established rules and usages of the courts in regard to their officers rendering like services. In cases of doubt or difficulty, evidence may be taken on the question of quantum meruit.

3. The gross costs taxed to any of the officers of court for services in prize cases will be, in collection or payment, subject to all limitations, as to amounts or periods of payment, under the acts of congress in force at the time of such taxation.

4. The method of ascertaining the compensation of any of the officers of court for their services in prize suits, by a percentage on the value of the property coming officially into their possession or under their charge, will not be adopted by the court without express authority of law, or the assent thereto, in writing, by the parties whose interests are to be affected thereby.

---

## Case No. 433.

### ANONYMOUS.

[1 Brunner, Col. Cas. 29;¹ 2 Hayw. (N. C.) 378.]

Circuit Court, D. North Carolina. 1805.

INTEREST—LIABILITY OF BAIL FOR.

In a scire facias against bail, interest is not allowed on the judgment rendered against the principal.

At law.

PER CURIAM. This is a scire facias against bail, and the plaintiff's counsel urges that he is entitled, against the bail, to interest upon the judgment against the principal. We are of opinion he is not so entitled; for the judgment upon the scire facias is that the plaintiff have execution against the bail of the judgment against the principal. The very same execution therefore issues against the bail as issues against the principal; and consequently damages arising after the judgment cannot be included. Cases cited. [Fanshaw v. Morrison,] 1 Salk. 208; [Henriques v. Dutch West-India Co.,] 2 Strange, 807, 2 Ld. Raym. 1532; Com. Dig. "Bail," R. 10.

---

## Case No. 434.

### ANONYMOUS.

[1 Brunner, Col. Cas. 74;¹ 3 Day, 308.]

Circuit Court, D. Connecticut. April, 1809.

AFFIDAVIT FOR CONTINUANCE — ADMISSIBILITY OF COUNTER-AFFIDAVITS.

After an affidavit in support of a motion for the continuance of a cause, on the ground of the absence of a material witness has been made, the opposite party may make a counter-affidavit

¹[Reported by Albert Brunner, Esq., and here reprinted by permission.]

1FED.CAS.—63

stating any circumstances that render it impossible or improbable that the evidence of the witness can be obtained within a reasonable time; but such counter-affidavit must not deny the materiality of the evidence.

On motion for the continuance of this cause, the party made an affidavit stating the absence of Joseph Howland, Jr., a material witness, and that he hoped to procure the testimony of the witness at the next court. A counter-affidavit was filed, stating that Joseph Howland, Jr., was gone to foreign parts; that he expected to have no fixed residence, and that he did not expect to return within two or three years.

THE COURT would not continue the cause, and took the opportunity to observe that there was manifest utility in counter-affidavits, as was evident from the present instance. They said, however, that counter-affidavits should not deny the materiality of the evidence expected from the witness, but might state any circumstances that rendered it impossible or improbable that his testimony could be procured within a reasonable time.

EDWARDS, District Judge, said that the English practice was lame in this respect; that it threw great power into the hands of a party, and that this court was perfectly free to establish a better practice. He added that the whole English practice of admitting affidavits was modern.

NOTE. [from original report.] See Hyde v. State, 16 Tex. 454, citing case in text.

---

## Case No. 435.

### ANONYMOUS.

[1 Car. Law Repos. 190.]

District Court, D. Massachusetts. Feb. 6, 1813.

[The case reported without title in 1 Car. Law Repos. 190. is the same as Hooper v. The Hiram, Case No. 6,675.]

---

## Case No. 436.

### ANONYMOUS.

[1 Car. Law. Repos. 346.]

District Court, D. New York.

[The case reported without title in 1 Car. Law Repos. 346, is the same as U. S. v. Coit, Case No. 14, 829.]

---

## Case No. 437.

### ANONYMOUS.

[4 Chi. Leg. News, (1872,) 210.]

District Court, S. D. Ohio.

BANKRUPTCY — FEES OF MARSHAL AS MESSENGER.

[1. The fees to be allowed to a marshal as messenger are those specifically enumerated by law, and such other fees as he shows himself to have earned, the items of which are determinable by analogy to the fees allowed the marshal for similar services.]